**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26797-BLOOM**

CHRISTIAN PEREIRA PADILLA,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY; and GARRET RIPPA, Assistant Field Office Director,

Respondents.
_____________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Christian Pereira Padilla's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), ECF No. [1]. The Respondents filed a Response, ECF No. [6]. Petitioner did not file a Reply. The Court has reviewed the Petition, the Response, the record, and is otherwise fully advised. For the following reasons, the Petition is dismissed.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Krome North Service Processing Center. ECF Nos. [1] ¶ 2, [6] at 1, [6-2] at 1.

On January 10, 2013, an Immigration Judge entered an order of removal against Petitioner. ECF Nos. [6] at 2, [6-5] at 1. Petitioner was subsequently removed to Honduras on or about February 19, 2013. ECF Nos. [6] at 2, [6-1] at 2. On May 31, 2014, the Petitioner unlawfully re-entered the U.S. at or near San Antonio, Texas. *See* ECF Nos. [6] at 2, [6-1] at 2. On June 11, 2014, Petitioner was removed to Honduras. *See* ECF Nos. [6] at 2, [6-1] at 2, [6-7] at 1.

On an unknown date, Petitioner unlawfully re-entered the United States. On February 22, 2026, the Clermont Police Department called ICE to run checks on the Petitioner as a possible alien who was a passenger during a traffic stop. ECF No. [6-1] at 2. That same day, a Warrant of Removal/Deportation as to Petitioner was issued pursuant to 8 U.S.C. § 1182(a)(9)(A)(ii). ECF No. [8-1] at 3. On February 23, 2026, immigration authorities encountered Petitioner at the Lake County Jail. *See* ECF No. [6-2] at 2. On or around March 13, 2026, immigration authorities again encountered Petitioner at the Lake County Jail following his arrest for a traffic violation. *See* ECF Nos. [6] at 2, [6-2] at 3. On March 16, 2026, Petitioner was transferred to federal custody for prosecution for illegal reentry under 8 U.S.C. § 1326. *See* ECF Nos. [6] at 2, [6-2] at 3, [6-7] at 1. On or about June 26, 2026, Petitioner was convicted of illegal reentry and sentenced to time served. *See* ECF Nos. [6] at 2–3, [6-2] at 3. On or about that same date, Petitioner was transferred to ICE custody, where he has remained detained pending removal. *See* ECF Nos. [6] at 2–3, [6-2] at 4.

On November 23, 2026, ICE issued Petitioner a Warning to Alien Ordered Removed or Deported and a Notice of Intent/Decision to Reinstate Prior Order regarding the January 10, 2013 Order of Removal. ECF No. [8-1].[1] Petitioner signed the Acknowledgement and Response. *Id.* at 7.

In his Petition filed September 29, 2026, Petitioner alleges that he has a final removal order and is waiting for ICE to send him to his original country (*i.e.*, Honduras), but that for unknown reasons, ICE has continued to keep him in detention. ECF No. [1] ¶ 15. Respondents also filed a

[1] On November 23, 2026, the Court issued a paperless order requiring Respondents to file a notice with the Court that attaches a copy of the most recent Notice of Intent/Decision to Reinstate Prior Order or otherwise explains the process to reinstate Petitioner's prior order of removal. ECF No. [7]. Respondents timely filed a notice. ECF No. [8]. The Court notes that the Notice of Intent/Decision to Reinstate Prior Order is dated November 23, 2026.

Form I-867B, wherein Petitioner makes a sworn averment that he wishes to be "released from detention in order to go to [his] country[,] Honduras[,] as soon as possible," further stating, "I don't have any fear of returning." ECF No. [8-1] at 12.

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his continued detention violates the Due Process Clause because the Respondents have failed to effectuate his removal and he presents neither a danger to the community nor a risk of flight. ECF No. [1] ¶ 13. Respondents argue that Petitioner's claim is premature because he has not been detained for the presumptively reasonable six-month period recognized in *Zadvydas*. ECF No. [6] at 4–5. For the reasons stated, Petitioner's request is premature and must be dismissed.

Section 1231(a) applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id.* Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas*, 533 U.S. at 699–701. But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional

concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (Altman, J.) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).

Here, Petitioner is subject to a final order of removal, so his challenge to prolonged post-removal-order detention is governed by *Zadvydas*. *See* ECF Nos. [6] at 2; [8-1]. Petitioner was taken into ICE custody on June 26, 2026, pursuant his January 10, 2013 order of removal, which has been reinstated. ECF Nos. [6] at 2–3, [6-1] at 2, [8-1] at 7. Petitioner has been detained less than six months. Accordingly, the Court finds that Petitioner's detention falls short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness. Petitioner's request is premature. *See Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months). Accordingly, the Petition is due to be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition, **ECF No. [1]**, is **DISMISSED** without prejudice as premature.

2. The Clerk of Court is directed to **CLOSE** this case. All other pending motions are **DENIED AS MOOT**, and all other deadlines are **TERMINATED**, except as expressly provided in this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 25, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Christian Pereira Padilla, *pro se*
A# 205 574 979
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194